JUDGE WILLIAMS
delivered the opinion op the court:
P. B. Nuttall, being appointed a standing master commissioner in chancery and receiver of moneys for the Henry circuit court, at its September term, 1856, entered into a covenant to the Commonwealth, with D. L. Nut-tall and Berry Ellis as his securities, in which they undertook that “said P. B. Nuttall will well and truly and faithfully discharge all the duties enjoined on him by the laws and decrees by the Henry circuit court or any *528 other court having jurisdiction, and well and truly satisfy and pay over any funds, moneys, or other things, to any order or decree of said court, according to said orders and the laws of the land.” By virtue of a judgment of the Henry circuit court, rendered at its September term, 1859, on the petition of appellee as guardian for the infant children of Barton, deceased, on December 6th, 1859, he, as such commissioner and receiver, sold a slave for cash in hand, and, never having paid over the money, after several fruitless attempts by the guardian to have it done, he brought this suit on said covenant.
Appellant answered and put in two defenses — 1. That said Nuttall was not authorized to receive, and did not receive, the money sued for. 2. That another suit had been brought on the same bond for this same cause of action, and he relied on that to defeat a recovery in this action. The judge to whom the law and facts were submitted adjudged to the plaintiff four hundred dollars, with interest from December 6th, 1859, subject to a credit of fifty dollars, paid November 2d, I860, and one hundred dollars, paid March 5th, 1861, from which this appeal is prosecuted. A copy of the suit relied on as a bar is in this record; but when it was filed does not appear; it was, however, dismissed by plaintiff’s order, on the eleventh day of the April term, 1863.
The suit now before us was began March 22, 1862, and we cannot determine that it was ban-ed by the other. The report of the commissioner shows Nuttall sold the slave as directed for cash, and doubtless got it, or he would not have delivered the slave to the purchaser; at least he must be held as having received it.
It is now insisted that the appointment of Nuttall as master and receiver, and the taking a bond from him, were wholly unauthorized by law, and his securities not respon *529 sible on the covenant. This defense was not put into the suit, and it would seem to come quite late in this court for the first time; but if it had been put in and relied upon, we should still be inclined to regard it good as a common law bond, and the securities responsible on the covenants.
It is true that no statute authorizes a general receiver to be appointed for the courts; but it does authorize a receiver to be appointed in each case in which the chancellor orders a sale, or in which he has the custody of money, and it requires such receiver to execute bond, with security to be approved by court. If, for convenience, the receiver, by the consent and approval of the court, shall execute a general bond, we know of no law nor public policy which would forbid or make it illegal; and, therefore, it should be upheld as a common law obligation, though not as a statutory bond.
Wherefore, the judgment is affirmed.